UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK FLAHERTY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:04cv0200 DJS |
| ) | TCM |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

# REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The 28 U.S.C. § 2254 petition of Patrick W. Flaherty ("Petitioner") for federal habeas relief is before the undersigned United States Magistrate Judge for a review and recommended disposition. See 28 U.S.C. § 636(b).

## Background

The day his jury trial was to begin, May 30, 2000,[1] Petitioner pled guilty to four counts of first degree robbery and four counts of armed criminal action. (Resp. Ex. A at 6-7, 10.) On August 7, 2000, Petitioner was sentenced to an aggregate term of forty years' imprisonment on the eight felonies. (Resp. Ex. B at 76-77.) Petitioner did not file a direct appeal. (Resp. Ex. D at 1.)

On November 14, 2000, Petitioner signed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. (Resp. Ex. E at 3-7.) The motion was amended

---

[1]Although the transcript reads "May 3, 2000," the date was later noted by the court to be May 30, 2000. (Resp. Ex. E at 21.)

by appointed counsel and was denied following an evidentiary hearing and Petitioner's deposition. (Id. at 21-26.) Petitioner appealed; his appeal was denied on November 26, 2002. (Resp. Ex. J.) The appellate court's mandate issued on March 25, 2003. (Resp. Ex. K.)

On February 6, 2004, Petitioner signed the pending § 2254 petition; it was received on February 19, 2004.[2] The petition seeks federal habeas relief on two grounds presented in his post-conviction proceedings: (1) his trial counsel was ineffective for failing to inform Petitioner that there was no factual basis for his plea of guilty to the armed criminal action counts because the instrument he used, a "BB" gun, was not capable of killing or causing serious injury and (2) the trial court erred in concluding that there was a factual basis for his pleas because the "BB" gun could not be the dangerous weapon required for armed robbery.

Petitioner raised these two grounds in his post-conviction appeal. (Resp. Ex. F at 8-9.) The state appellate court found the first ground to be procedurally barred by Petitioner's failure to raise it in his amended Rule 24.035 motion, noting that "'[a]n issue not raised as a ground for relief in the Rule 24.035 motion is not cognizable on appeal and will not be reviewed by this court.'" (Resp. Ex. J at 3 (quoting Salmons v. State, 16 S.W.3d 635 638 (Mo. Ct. App. 2000) (alteration added)).

Addressing Petitioner's second ground, the appellate court noted that, "[T]he plea court advised [Petitioner] that the state alleged he used a dangerous instrument and asked

---

[2]The post-mark on the scanned envelope is illegible.

[Petitioner] to describe what the BB gun looked like. [Petitioner] stated that he perpetrated the robbery with a BB gun that was all black and looked like a handgun." (Id. at 4.) The court further found that:

> . . . In fact, none of the cases cited by [Petitioner] state that a BB gun is not a dangerous instrument, nor could we find any case so holding. . . .
>
> In this case, the prosecutor recited the charges against [Petitioner], including that he had committed the robberies with a dangerous instrument. [Petitioner] stated he understood each of the charges and, thereafter, admitted his guilt. Moreover, in his petition to enter a guilty plea, [Petitioner] acknowledged that he read the information, discussed the charges against his attorney, and fully understood every crime the state charged. The motion court found that the issue of whether the BB gun was a dangerous instrument was well known to plea counsel and [Petitioner] in advance of his plea of guilty. [Petitioner] is unable to show that the motion court clearly erred in finding that there was a sufficient factual basis to support his guilty plea on the armed criminal action charges.

(Id. at 7, 8.) (Alterations added).

Citing May 30, 2000, as the sentencing date, Respondent argues that the petition is untimely because (a) the petition was filed 156 days too late if the time period that had been tolled when his Rule 24.035 motion was pending began to run again on December 11, 2002, the last day for filing a motion for rehearing with the appellate court, or (b) the petition was filed 37 days too late if the relevant time period began to run again on March 25, 2003, when the appellate court's mandate issued. Respondent further argues that equitable tolling is inappropriate. Petitioner has not replied to Respondent's arguments.

**Discussion**

Timeliness. Petitions for § 2254 relief filed after the effective date of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") – April 24, 1996 – are governed by the Act. **Williams v. Taylor**, 529 U.S. 420, 429 (2000); **Owens v. Dormire**, 198 F.3d 679, 681 n.2 (8th Cir. 1999). Title 28 U.S.C. § 2244(d), as amended by the AEDPA, provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . .
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner was sentenced on August 7, 2000, not on May 30, as alleged by Respondent.[3] He then had ten days within which to seek direct review; he did not. See **Beery v. Ault**, 312 F.3d 948, 950 (8th Cir. 2002) ("[T]he limitations period [of § 2244(d)(1)(A)] runs from the date on which [Petitioner's] state judgment became final by

---

[3]As noted by Respondent, under Missouri Supreme Court Rule 30.01(d), a conviction becomes final in Missouri on the day that sentence is entered.

the conclusion of direct review or the expiration of time for seeking direct review." (alterations added)) **Finerson v. Murphy**, 2005 WL 1828751, * 2 (E.D. Mo. 2005) (time period for filing § 2254 petition began to run ten days after judgment of conviction following guilty plea when defendant did not seek direct appellate review).

Petitioner did file a Rule 24.035 motion for post-conviction relief on November 14, 2000. Thus, the statute of limitations had run for 89 days until it was tolled by the filing of the Rule 24.035 motion. See **Maghee v. Ault**, 410 F.3d 473, 476 (8th Cir. 2005) (state proceedings are not pending for the time period between conviction and appeal, if any, and filing of an application for state post-conviction relief).

"[A]n application for state post-conviction review, under Missouri law, is pending until the mandate is issued." **Johnson v. Kemna**, 451 F.3d 938, 939 (8th Cir. 2006) (citing Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006)) (alteration added). Consequently, the limitations period of § 2244(d)(2) does not include the time before the mandate issues. **Id.**

The mandate in Petitioner's post-conviction appeal issued on March 25, 2003. The time period between March 25, 2003, and February 6, 2004, is 318 days. Petitioner had 276 days remaining after the statute of limitations was tolled by the filing of his Rule 24.035 motion. The pending petition is, therefore, untimely filed.

"Because § 2244(d)(1) is a statute of limitations and not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances." **Cross-Bey v. Gammon**, 322 F.3d 1012, 1014-15 (8th Cir. 2003). "[E]quitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the respondent's

conduct has lulled the petitioner into inaction." **Id.** at 1015 (alteration added). "The doctrine applies only 'when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay.'" **Shoemate v. Norris**, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002)). "Because the doctrine is reserved for extraordinary circumstances, it gives the plaintiff an 'exceedingly narrow window of relief.'" **Id.** (quoting Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)). Petitioner has not alleged that any such circumstance or conduct exists. Indeed, he has not replied to Respondent's argument that his petition is untimely. And, his pro se status is not a qualifying circumstance. See **Cross-Bey**, 322 F.3d at 1015; **Baker v. Norris**, 321 F.3d 769, 771-72 (8th Cir. 2003).

Procedural Default. Even if the instant petition had been timely filed, it would be unavailing because Petitioner's first ground is procedurally barred and his second is without merit.

Title 28 U.S.C. § 2254(b)(1)(A) and the Supreme Court bar the granting of habeas corpus relief unless it appears that the state prisoner has exhausted available state court remedies. See **Gray v. Netherland**, 518 U.S. 152, 161 (1996); **Coleman v. Thompson**, 501 U.S. 722, 730 (1991). "Because 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' federal courts apply the doctrine of comity, which 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation,

have had an opportunity to pass upon the matter.'" **Id.** at 731 (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)). See also **Weeks v. Bowersox**, 119 F.3d 1342, 1349-50 (8th Cir. 1997) ("Requiring the exhaustion of state remedies both allows the states to correct any possible constitutional violations without unnecessary intrusion by the federal courts and allows the state courts to create a factual record should the matter proceed to federal court."). "A habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." **Coleman**, 501 U.S. at 732. Thus, the federal courts "are prohibited from reviewing an issue that the state court has resolved on an adequate and independent state ground, including procedural default." **Winfield v. Roper**, 460 F.3d 1026, 1036 (8th Cir. 2006). "The procedural rule relied upon by the state court must be 'firmly established, regularly followed and readily ascertainable when it was applied[.]'" **Id.** (quoting Malone v. Vasquez, 138 F.3d 711, 717 (8th Cir. 1998)) (alteration added). The procedural rule that, under Missouri law, an issue must be raised as a ground for relief in a post-conviction motion before it may be reached on its merits on appeal was firmly established, regularly followed, and readily ascertainable when Petitioner filed his Rule 24.035 motion. See **Coates v. State**, 939 S.W.2d 912, 915 (Mo. 1997) (en banc); **Griffin v. State**, 794 S.W.2d 659, 664-65 (Mo. 1990) (en banc); **Mack v. State**, 775 S.W.2d 288, 292 (Mo. Ct. App. 1989).

This independent and adequate state law ground prevents federal habeas review of a defaulted claim unless the petitioner can show cause and prejudice for his default. **Coleman**, 501 U.S. at 748. There is no exhaustive catalog of the objective impediments nor have the precise contours of the cause requirement been clearly defined. **Ivy v. Caspari**, 173 F.3d 1136, 1140 (8th Cir. 1999). "At a minimum, however, [Petitioner] must show that 'something external to [him], something that cannot fairly be attributed to him,' caused the procedural default." **Id.** (quoting Coleman, 501 U.S. at 753) (first alteration added, second in original). Petitioner fails to allege any cause for his procedural default. It is, therefore, unnecessary to consider whether he has demonstrated prejudice. See **Lee v. Kemna**, 213 F.3d 1037, 1039 (8th Cir. 2000); **Abdullah v. Groose**, 75 F.3d 408, 413 (8th Cir. 1996).

Petitioner's defaulted ground might be reached on its merits absent a showing of cause for his procedural default if he establishes that a failure to do so will result in a fundamental miscarriage of justice. See **Moore-El v. Luebbers**, 446 F.3d 890, 896 (8th Cir. 2006); **Weaver v. Bowersox**, 438 F.3d 832, 838 (8th Cir. 2006). The fundamental miscarriage of justice exception is applicable when a petitioner makes a showing, based on new evidence, that a "'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" **Osborne v. Purkett**, 411 F.3d 911, 920 (8th Cir. 2006) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). Petitioner makes no showing, based on new evidence, that he is actually innocent.

Merits. In his second ground, Petitioner argues that the trial court erred in concluding that there was a factual basis for his pleas because his BB gun could not be the dangerous weapon required for armed robbery. The state appellate court found that Petitioner had failed to establish that a BB gun was not a dangerous instrument and that he had, under oath, acknowledged that he had read the charges against him and that he fully understood every crime the state charged.

Under Missouri law, a "dangerous instrument" is "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury[.]" Mo.Rev.Stat. § 556.061(9). "Serious physical injury" is a "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body," Mo.Rev.Stat. § 556.061(28), and "may have a normal function under ordinary circumstances," **State v. Williams**, 126 S.W.3d 377, 384 (Mo. 2004) (en banc). Thus, in **Reid v. State**, 192 S.W.3d 727, 734-35 (Mo. Ct. App. 2006), a Missouri appellate court rejected a defendant's argument that there was no factual basis for his guilty plea to domestic assault because the State had not established that the BB gun he had used was a dangerous instrument, noting that he had acknowledged such a basis during his change of plea hearing. But cf. **Donelson v. State**, 34 S.W.3d 827, 829-30 (Mo. Ct. App. 2000) (remanding for an evidentiary hearing to determine whether there was factual basis for plea in case in which defendant simply testified that he had used "some sort of gun" but had not established whether BB gun used but not

specifically referred to was a dangerous instrument).  A state evidentiary ruling is not grounds for federal habeas relief "unless it was so unfair as to constitute a denial of due process."  **Richardson v. Bowersox**, 188 F.3d 973, 981 (8th Cir. 1999).  Accord **Osborne**, 411 F.3d at 917.  The state evidentiary ruling that Petitioner had not established that his BB gun, resembling a handgun and acknowledged by him during the plea hearing to be a dangerous instrument, was not a dangerous instrument did not deny him due process.

## Conclusion

The pending 28 U.S.C. § 2254 petition is untimely.  Alternatively, the first of the two grounds is procedurally barred and the second is without merit.  Accordingly,

**IT IS HEREBY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Patrick Flaherty be **DENIED** without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.  See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  3rd  day of October, 2006.